(No. 83-CV-0457-)

*In re* APPLICATION OF KARL J. KEMPF

*Order filed September 22, 1987.*
*Opinion filed May 1, 1992.*
*Order filed July 26, 1993.*

RICHARD P. EICHOFF & ASSOC. and MARSHALL KAPLAN, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Burke, J.

The Claimant brings this action pursuant to the Illinois Crime Victims Compensation Act (Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*), for the lost earnings and medical expenses not covered by his health carrier.

On May 1, 1981, the Claimant, Karl Kempf, was shot during the course of a robbery at an apartment building which he owned and managed in Chicago, Illinois.

The evidence established that for some time the Claimant had made his living from various real estate investments. In 1980 he entered into a partnership agreement with another individual which resulted in an 80% ownership to Claimant of the 98-unit apartment building at 5411 North Winthrop. In addition to being the majority owner of the premises Claimant assumed the responsibilities of managing this building.

The issue in this matter is whether Claimant, who is self-employed, can recover for expenses he paid out as a result of his being unable to perform his duties in managing the real estate for the partnership which in turn affected his income.

Crime victim compensation cases wherein the victim is a salaried employee are more easily resolved than matters of this nature. Claimant in the instant case is hard pressed to prove an average net monthly earning because of the nature of his income. Prior to the time of the shooting, he and his partner did not employ a management company; therefore, they did not pay management expenses for the service he rendered to the partnership. Initially, the State denied his claim for lost income because Claimant was unable to substantiate his earnings prior to the shooting to prove his reduced income. However, simple mathematics correlating the 80% ownership of the partnership which Claimant proved and the amount of expenses the partnership incurred established that, but for the shooting, the partnership would have accumulated substantially more income which would have been distributed to the partners. Therefore, Claimant would have shared in the increased income.

Claimant established by testimony and various exhibits that showed prior to the shooting the partnership incurred no expenses for management and after Claimant's

injury, the partnership was forced to pay a substantial management fee. The amount of the management fee appeared reasonable considering the building housed 98 units.

Wherefore, it is hereby ordered:

(1) That the Claimant be awarded fifteen thousand ($15,000) dollars in full and complete satisfaction of this claim.

## ORDER

BURKE, J.

This cause coming on before this Court on the motion for approval of attorney's fees by Marshall Kaplan, attorney for the Claimant, Karl Kempf, due and proper notice having been given to the said Claimant, it is hereby ordered as follows:

That attorney's fees for Marshall Kaplan, attorney for Karl Kempf, the above-captioned Claimant, be and hereby are approved in the amount of $5,000.